RECEIVED CLERK'S OFFICE

2008 FEB 27  A 9: 36

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin McElveen, # 314247, | ) C/A No. 9:08-0608-GRA-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation for *Partial* Summary Dismissal |
| Florence County Detention Center; Cpt. Joyce W. Brunsen; Lt. Michael Brown; Major Joey Norris; and Sheriff Kenny Boone, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Florence County Detention Center. The plaintiff has brought suit against the Florence County Detention Center and four persons employed at the Florence County Detention Center. In a separate order, the undersigned is authorizing service of process upon the four individual defendants.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

1

and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to ***partial*** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The Florence County Detention Center is a group of buildings or a facility. Inanimate objects — such as buildings and facilities — do not act under color of state law. Hence, the Florence County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the Florence Detention Center from the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

February ___, 2008  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

3

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).