IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin McElveen, #273960, ) | C/A No. 0:08-0608-GRA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Florence County Detention Center; ) | |
| Captain Joyce W. Brunson; Lt. Michael ) | |
| Brown; Major Joey Norris; and Sheriff Kenny ) | |
| Boone, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 18.) The plaintiff, Marvin McElveen ("McElveen"), a former pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming the defendants violated his constitutional rights. McElveen complains that his due process rights and his right to be free from cruel and unusual punishment[1] were violated in that he was placed in a "stripped" cell in the maximum segregation unit, exposed to cold temperatures, and denied a mattress and toilet tissue. (Compl., Docket Entry 1 at 3.)

## PROCEDURAL HISTORY

The defendants have moved for summary judgment. (Docket Entry 18.) By order of this court filed May 23, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), McElveen

---

[1] Because McElveen was a pretrial detainee, his allegations as to this issue are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979).



was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 19.) McElveen filed a response in opposition to the defendants' motion for summary judgment (Docket Entry 24) and the defendants filed a reply (Docket Entry 25). The motion is now before the court for a Report and Recommendation.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[2]This matter was previously referred the Honorable George C. Kosko. On February 27, 2008, Judge Kosko issued a Report and Recommendation recommending that the district court summarily dismiss Defendant Florence County Detention Center. To date, this Report and Recommendation has not been adopted. Therefore, the court will consider this motion for summary judgment as applicable to all of the above-captioned defendants. The court agrees with Judge Kosko's conclusion that the Florence County Detention Center is not a "person" under § 1983 and therfore finds that it should be awarded summary judgment on this ground. (Report and Recommendation, Docket Entry 6 at 3.)



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

As a threshold matter, McElveen's complaint must be dismissed because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[3] To satisfy

---

[3] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."



this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001).

Although McElveen claims that the Florence County Detention Center has no grievance procedure and that he submitted letters to the defendants complaining about his treatment, he has not presented any evidence tending to rebut the defendants' assertion that Florence County Detention Center's Policy 3.5.6 requires detainees to submit formal grievances regarding their conditions of confinement. Nor has he submitted any evidence that he filed such a grievance; rather, he submits copies of the letters he allegedly sent to the defendants regarding his complaints, which do not meet the requirements of a formal grievance.[4]

Even if these letters could be construed as grievances, however, the defendants are still entitled to summary judgment on several grounds. First, to the extent that McElveen seeks to recover from the defendants based on their supervisory status, the defendants cannot be held liable under § 1983 based on a respondeat superior theory. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977)). A plaintiff must allege that a defendant was personally involved in order to state a claim under § 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). McElveen has not alleged any facts demonstrating that any of the defendants were personally involved in the

---

[4] The defendants have submitted affidavits denying that they received McElveen's letters, (Brunson Aff. ¶ 10, Docket Entry 18-3 at 2; Boone Aff. ¶ 4, Docket Entry 18-4 at 1; Norris Aff. ¶ 4, Docket Entry 18-5 at 1; Brown Aff. ¶ 4, Docket Entry 18-6 at 1), but this factual dispute does not preclude summary judgment because McElveen does not dispute that he did not file a formal grievance regarding his claims as required by Florence County Detention Center's grievance policy.



incident about which he complains. Rather, it appears that he sent the defendants letters due to their status as administrators of the facility. (Compl., Docket Entry 1 at 3.)

Second, even accepting McElveen's allegations as true, he seeks damages for "mental anguish," which is not compensable under federal law in the absence of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Further, even if his allegations could be construed to allege a physical injury, he has not submitted evidence from which a reasonable jury could find that such injury was more than *de minimis*. See Riley v. Dorton, 155 F.3d 479 (4th Cir. 1998) (stating that "under the Fourteenth Amendment 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned'") (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

### RECOMMENDATION

For the foregoing reasons, the court therefore recommends that the defendants' motion for summary judgment (Docket Entry 18) be granted.

*(signature)*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).